April 14, 2022

Mark D. Wankum
Anderson, Murphy & Hopkins, L.L.P.
101 River Bluff Drive, Suite 101 A
Little Rock, AR 72202

Jamie Huffman Jones
Friday, Eldredge & Clark, L.L.P.
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201

    Re:    Christina Creamer v. Boone County, Arkansas, et al.
             U.S. District Court, Western Dist. of Ark., No. 3:21-cv-3024-TLB

Dear Mr. Wankum and Ms. Jones:

Please accept this letter as a report on my expert opinions in the case of *Christina Creamer v. Boone County et al.*

### Qualifications

My medical education and medical experience are outlined in my attached *curriculum vitae*. As relevant here, I am board-certified by the American Board of Family Medicine and have served as the medical director of several county jails in Kentucky and Tennessee. I am familiar with the practice of medicine in a county jail context and the standard of care for medical providers in that context given the particular patient population seen at many jails. From my review of the jail and medical records of Ms. Creamer from the Boone County Jail and Turn Key, I am familiar with comparably-sized and comparably-operated facilities where I have served as the medical director. I am comfortable opinion on the standard of care applicable here as it is like many other facilities that I have practiced at.

### Records Reviewed and Considered

In forming my opinions with my background and experience, I reviewed the following records related to Ms. Creamer, which I may refer to specifically when elaborating on my opinions at the time of trial or deposition:

    1.    Complaint;
    2.    Boone County Jail Records of Ms. Creamer;

**EXHIBIT 7**

April 14, 2022
Page 2

3. Medical Records of Ms. Creamer from Turn Key Health Clinics;
4. Medical Records of Ms. Creamer from North Arkansas Regional Medical Center;
5. Medical Records of Ms. Creamer from Arkansas Orthopedics & Sports Medicine;
6. Medical Records of Ms. Creamer from Arp Foot & Ankle;
7. Medical Records of Ms. Creamer from Harrison Family practice;
8. Medical Records of Ms. Creamer from Boston Mountain Rural Health Center, Inc.;
9. Medical Records of Ms. Creamer from JP&O Prosthetic & Orthotic Laboratory;
10. Medical records or Ms. Creamer from Jones Physical Therapy; and
11. Deposition testimony of Ms. Christina Creamer.

I am happy to review additional records including any depositions that may be taken or disclosures of any other expert; however, based upon the records that I have reviewed, I am comfortable providing my opinions as outlined below.

## Statement of Opinions

Having reviewed the above records in light of my knowledge, training, and experience practicing medicine in a jail context, it is my opinion to a reasonable degree of medical certainty and probability that Turn Key medical staff and the Boone County Jail personnel met this standard of care and did not cause Ms. Creamer's injury or subsequent amputation. Further, it is my opinion that based on my review that the Turn Key Health Clinics' staff and the jail personnel had excellent communication throughout Ms. Creamer's period of incarceration and acted appropriately in all respects.

Ms. Creamer's charcot deformity was not related to trauma or acute injury but instead was rooted in her lengthy history of poorly controlled diabetes and neuropathy. Charcot Deformity is often seen in patients with chronic neuropathy and more prominent in those with a history of poorly controlled diabetes. Ms. Creamer's chronic uncontrolled diabetes is well documented in her medical records dating back to 2015 with routine glucose readings in the 400s and 500s. Her HbA1c was above 7 on multiple occasions. The goal for diabetes treatment is fasting blood sugar under 150 and an HbA1c under 7. When not maintained, as here, there is significant risk of amputation as well as a high risk of other issues like blindness, kidney failure, heart attack, and stroke. Further, Ms. Creamer has suffered from neuropathy for some time and even required diabetic shoes long before the incarceration at issue.

Ms. Creamer's charcot deformity was unaffected by the conservative management provided by Turn Key for her complaints of wound and infection. The Boone County staff advised Ms. Creamer to fill out a sick call form, and Turn Key staff promptly addressed both of Ms. Creamer's sick call requests and provided appropriate treatment within the standard of care. In response to her complaints of redness,

April 14, 2022
Page 3

swelling, and difficulty walking related to a sore on her heel, Ms. Creamer was evaluated the next day, examined by the nurse who consulted with the treating physician, provided appropriate dressings, and prescribed antibiotics and ibuprofen. As there was no conduct by Turn Key, to include its medical or nursing staff, or Boone County which was below the standard of care, they did not cause or contribute to Ms. Creamer's charcot deformity or later amputation as alleged in her complaint.

There were several causes for the poor outcome for Ms. Creamer, most importantly her morbid obesity, poorly controlled diabetes discussed above, smoking, and methamphetamine use. These were all longstanding problems noted in Ms. Creamer's medical records dating back years before the incarceration period. Further, Ms. Creamer's medical records indicate that after being released in March of 2020, these problems persisted.

It is my opinion within a reasonable degree of medical certainty that Ms. Creamer's injury and poor outcome were due to a chronic history of neuropathy, poorly controlled diabetes, smoking, and methamphetamine use, and not caused or contributed to by any acts or omissions of Turn Key, Boone County, or their employees.

I hold this and all of my opinions to a reasonable degree of medical probability and certainty.

### Statement of Compensation

I have been compensated for my time reviewing records and formulating my honest medical opinions in this matter. To date, I have been compensated $1,015.00 related to my review in this matter. I do not maintain a fee schedule; however, I charge $350 per hour for my time reviewing these medical-legal matters.

### Case List for Testimony (last 4 years)

During the previous four years, I have provided testimony by deposition in two cases:

1. *Elizabeth Saylors Uhls as executrix of the estate of Agnes Onita Cline v. HBR Woodburn, LLC d/b/a Hopkins Center et al.*
2. *Claude Simpson and Tanya Loggonas as co-executors of the estate of Ozzie Simpson v. Pike Electric, LLC et al.*

I have not testified by trial in the last four years.

April 14, 2022
Page 4

If you have any further questions about this review, please do not hesitate to reach out to me.

Sincerely,

John V. Adams, II, M.D.