UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

**CHRISTINA CREAMER**

**PLAINTIFF**

VS.          CASE NO. 3:21-cv-03024-TLB

**BOONE COUNTY, ARKANASAS; JASON DAY,**  **DEFENDANTS**
**INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS JAIL**
**ADMINISTRATOR OF BOONE COUNTY JAIL; TIM ROBERSON,**
**INDIVDIUALLY AND IN HIS OFFICIAL CAPACITY AS SHERIFF OF BOONE**
**COUNTY, ARKANSAS; JANE AND JOHN DOES 1-V**

## STATEMENT OF UNDISPUTED FACTS

COMES NOW Defendants Boone County, Arkansas, Jason Day, and Tim Robertson, by and through undersigned counsel, Friday, Eldredge & Clark, LLP, and for their Statement of Undisputed Facts, state as follows:

1. Ms. Creamer alleges that on March 6, 2020, she was released from the Boone County Jail and subsequently sought treatment for her foot at North Arkansas Regional Medical Center where she was advised that she had developed an infection and had to undergo an amputation of her lower limb. **Doc. No. 8** at ¶¶ 29-30. Her claim against Boone County is that she was not brought to the emergency room after an alleged fall whereby she claims she hurt her ankle. (Exhibit 1, 131:18—24; 137:20—25).

2. Plaintiff described slipping and falling in her pod in the jail on some water that another inmate had just dumped on the floor while mopping sometime on January 4, 2020. (Exhibit 1, 62—65; 74:5—6). She described that she landed on her "left—my right foot." (Exhibit 1, 69:16). The next day, she noticed her

9188788.1

foot was swollen. (Exhibit 1, 70:12). She told the guard she needed to see a nurse, and he told her to put in a sick call. (Exhibit 1, 72). The guard brought her a sick call about three hours later. (Exhibit 1, 72:19). She does not remember if she turned in the sick call request right away. (Exhibit 1, 73:6—7). Instead, she believes that on January 5 she saw the nurse when passing morning meds, and the nurse told her to put in a sick request. (Exhibit 1, 75:19—25). Plaintiff gets a bit confused on when she turned in the sick requests and finally testified that "I don't remember on what date it was when I turned in the sick call. I turned in—I know I turned in two sick calls." (Exhibit 1, 77:14—16).

    3.    The first sick call was turned in on January 27, 2020—23 days after her alleged fall. (Exhibit 1, 80:24—25; 81:1—2). Plaintiff admitted that she knew she could ask for a sick call but just did not before this date. (Exhibit 1, 93—94). This sick call states, "RLE (right lower extremity) hot to touch, painful 2 wounds, 3+ edema, difficult to walk, tender to touch, been this way for about a week." (Exhibit 2, attached to the Motion, Turn Key 0006). Plaintiff saw the Turn Key nurse the next day. (Exhibit 1, 84—85; Exhibit 3, Turn Key 0009). The nurse examined her foot; took photographs of the foot to send to the doctor; and have her antibiotics for infection and ibuprofen for pain and swelling. (Exhibit 1, 84—85; see also Exhibit 3, January 28, 2020 nurses note)[1].

---

[1] The nurses note shows that the nurse cleansed a quarter-sized open area on the back of Plaintiff's right foot and applied ointment. Plaintiff denies this occurred. (Exhibit 1, 88.) Regardless, Plaintiff admits that she was seen, examined, and treated the day after her alleged fall for the very injury she asked to be treated.

9188788.1

4. Plaintiff claims that the foot continued to swell. (Exhibit 1: 94:14—17). She turned in another sick call request, although she does not recall the date. (Exhibit 1, 95:14—25). The date on the sick request form is February 9, 2020, and it states that her "RLE (right lower extremity) and foot has not improved from antibiotics, sore, tender, hot to touch, very painful to walk, red, I think I ran a temperature at night, especially at night." (Exhibit 4, Turn Key 0007); (Exhibit 1, 96:17—25). Plaintiff saw Nurse Wood the very next day. (Exhibit 1, 98:23). Nurse wood took photographs of it wo send to the doctor, gave her another ten days of Bactrim and two ibuprofens after consulting with the doctor. (Exhibit 1, 98:25—99:1-11).

5. Plaintiff did not put in another sick request after this visit. (Exhibit 1, 99:22). She never filled out a grievance about any of the subject matter of this lawsuit to put any Defendant on notice of what she claims was going on with her. (Exhibit 1, 104:5—8; 132: 7—10; 133:10). She was released on March 6, 2020.

6. Ms. Creamer alleges that after her March 6, 2020 release she subsequently sought treatment for her foot at North Arkansas Regional Medical Center where she was advised that she had developed an infection and had to undergo an amputation of her lower limb. (**Doc. No. 8** at ¶¶ 29-30). Ms. Creamer did not undergo surgical amputation of her right lower limb until November 9, 2020—months later.( *See* op. note attached hereto as **Exhibit 5).**

7. Plaintiff never asked anyone at Boone County to go to the emergency room. She never even asked it in a sick call. (Exhibit 1, 132:3). She never placed

9188788.1

that request in a grievance or even grieved any of the events she complaints about now. (Exhibit 1, 104:5—8; 132: 7—10; 133:10—25; 134:1—7). Plaintiff admits that it is reasonable for Boone County to let the nurse, rather than a guard, decide if she should go to an emergency room. (Exhibit 1, 141:9—18). In fact, Plaintiff admits that she never told a guard that she needed to go to the emergency room. (Exhibit 1, 155:16).

8. Plaintiff has no idea who Tim Roberson or Jason Day are and does not know why they are named in her lawsuit. (Exhibit 1, 142—143).

9. Ms. Creamer declined to identify or disclose a single expert witness against Defendant.

10. Although Defendant does not have the burden of proof, it timely supplied expert disclosures and expert reports, identifying two medical expert witnesses supportive of its care. *See* defendants' joint expert disclosures attached as **Exhibit 6**; expert report of John Adams, M.D., attached as **Exhibit 7**; and expert report of Robert Kleinhenz, M.D., attached as **Exhibit 8**.

11. According to Dr. Adams, Boone County and Turn Key's medical and nursing staff complied with the standard of care applicable to a jail medical provider practicing in Harrison, Boone County, Arkansas, or a similar locality as it relates to the medical and nursing care provided to Christina Creamer during her December 30, 2019, to March 6, 2020, incarceration at the Boone County Jail. Dr. Adams opined that Ms. Creamer's Charcot Deformity was not related to trauma or acute injury but, instead, was rooted in her lengthy history of poorly controlled diabetes and neuropathy. Further, he opined that Turn Key and

9188788.1

Boone County properly addressed Ms. Creamer's wounds and documented complaints through conservative management that did not cause or contribute to Ms. Creamer's Charcot Deformity or later amputation. It is his opinion that Ms. Creamer's poor outcome was due to a chronic history of neuropathy, poorly controlled diabetes, smoking, and methamphetamine use—not any substandard care by defendants. **Exhibit 7**.

12. According to Dr. Kleinhenz, the care provided by Boone County and Turn Key and its medical and nursing staff to Ms. Creamer was not a proximate cause of her injury and subsequent amputation. Dr. Kleinhenz opined that the time between Ms. Creamer's alleged fall and her emergency department admission did not impact her course of care or cause her subsequent amputation. Dr. Kleinhenz opined that the imaging at the ER was consistent with a Charcot Deformity, not an acute or traumatic fracture. Further, Dr. Kleinhenz opined that Ms. Creamer's amputation was the result of (1) underlying Charcot that pre-dated her incarceration, and (2) a different wound that developed well after her release from the Boone County jail. See **Exhibit 8**.

Respectfully submitted,

By: _____
Jamie Huffman Jones, #2003125
FRIDAY, ELDREDEGE & Clark, LLP
400 West Capitol Avenue, Suite 2000
Little Rock, AR 72201
501-370-1430 – phone
501-244-5347 – fax
jjones@fridayfirm.com

9188788.1

## CERTIFICATE OF SERVICE

    This is to certify that a true and correct copy of the foregoing instrument was electronically filed with the Clerk of the Court using the CM/ECF system which will electronically notify all counsel of record who have appeared in this case on 23rd day of May, 2022 as follows:

Mark D. Wankum
wankum@amhfirm.com

Amelia F. Botteicher
botteicher@amhfirm.com

Brent Langdon
blangdon@ldatty.com

                                                               _____
                                                               Jamie Huffman Jones